**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**BOSTON DIVISION**

CA NO:

| | |
|---|---|
| **MARCUS DAVIS,**      **Plaintiff,** <br><br> v. <br><br> **COMMONWEALTH OF MASSACHUSETTS, MASSACHUSETTS STATE POLICE, COLONEL JACK MAWN, MASSACHUSETTS EXECUTIVE OFFICE OF PUBLIC SAFETY AND SECURITY, AND ALI JAAFAR,**      **Defendants.** | **COMPLAINT AND JURY DEMAND** |

## INTRODUCTION

1.      This is an action by Marcus Davis ("Plaintiff") against the Commonwealth of Massachusetts, the Massachusetts State Police, Colonel Jack Mawn individually and in his capacity as Colonel of the Massachusetts State Police, the Massachusetts Executive Office of Public Safety and Security ("EOPSS"), and Ali Jaafar.

2.      The action arises out of the unlawful arrest, detention, search and seizure of the Plaintiff which occurred on October 18, 2022, resulting in the issuance of criminal complaint docket 2231 CR 2443, in the Taunton District Court ("Criminal Complaint").  The Criminal Complaint was dismissed on or about December 18, 2023.

3.      The arrest, search and seizure of the Plaintiff were without probable cause and were based on his race, resulting in the deprivation of the Plaintiff's constitutional rights and deprivation of the Plaintiff's liberty.

4.      The action seeks damages under the common law theories of negligence (Count I), negligent training and supervision (Count II), negligent infliction of emotional distress (Count III) intentional infliction of emotional distress (Count IV) and, 42 U.S.C. sec. 1983 (Count V).

19.     The Plaintiff was then removed from the cruiser and told he was under arrest for trafficking and conspiracy.

20.     A hearing was held on a motion to suppress evidence that was filed on the Plaintiff's behalf.  The hearing was held in the Taunton District Court on or about November 3, 2023.  Jaafar testified at the hearing.

21.     By findings of fact and rulings of law, dated November 9, 2023, after the hearing, the judge made the following relevant findings and rulings:

> a.     While Jaafar may have had a hunch that the occupants of the car were engaged in criminal wrongdoing at the time of the stop, Jaafar had neither specific articulable facts nor probable cause that would have justified a prolonged interaction with the occupants of the car.

> b.     The detention of the Plaintiff and other occupants was not constitutionally permissible.

> c.     The exit order was not constitutionally permissible.

> d.     The strip search of Gifford was not constitutionally permissible.

22.     The Plaintiff was arraigned on the charges in the Taunton District Court and was ordered held without bail for 120 days.

23.     The charges against the Plaintiff were dismissed in the Taunton District Court on or about December 18, 2023 - a period of approximately 427 days from the date of his arraignment.  During the pendency of the case, the Plaintiff was committed to the house of corrections for approximately 210 days, and the Plaintiff's liberty rights were restricted and in jeopardy.  The Commonwealth did not appeal the findings, decisions, or rulings of the judge. The Commonwealth did not appeal the dismissal of the case.

24.     The unlawful stop, search and seizure by Jaafar of young black males or Hispanic males, was not the first instance of such conduct by Jaafar.

25.     Jaafar also conducted an impermissible stop, without probable cause, another minority individual, identified as Hispanic on Jafar's arrest report, on October 10, 2020.  That resulted in the arrest and prosecution of Jason Garcia, in the Taunton District Court in Docket Number 2031 CR 001960 ("Garcia Matter").

26.     The prosecution provided discovery in the Garcia Matter concerning Jaafar's motor vehicle stops conducted from about October 10, 2018 through October 10, 2020.

27.     Defense counsel in the Garcia Matter provided data to a proposed defense expert, Roland B. Stark ("Stark") on Jaafar's stops from August 2019 to October 2020.  On information and belief, the data was for 201 stops comprising 276 citations by Jaafar.

28.     Stark provided a report to the defense counsel in the Garcia matter, which was in turn provided to the prosecution ("Stark Report").  The Stark Report made several findings, including the following:

a.     Among 201 drivers Jaafar stopped, 28.9% were Black.  Stark opined that Jaafar appears to have stopped 82% more Black drivers than would be expected, or not far from twice as many.

b.     Among the same set of drivers stopped, 22.4% were Hispanic.  Stark opined that Jaafar appears to have stopped 102% more Hispanic drivers than would be expected, or about twice as many.

29.     The Garcia Matter was dismissed on May 5, 2023.

30.    Jaafar was involved in another warrantless motor stop involving a young black

male on June 16, 2022.  That case was the subject of docket number 2232 CR 002212, out of the

# Fall River District Court ("Roberts Matter").

31.    The Roberts Matter was the subject of a motion to suppress.  After hearing, the

Court in Roberts found, by decision dated 8/25/23, that Jaafar's testimony was not credible

wherein Jaafar testified "that he asked the defendant to step to the rear of his car and that the

defendant's short steps were indicative of him trying to conceal something in his pants", where

the body camera footage showed that Jaafar and the defendant remained standing on the side of

the defendant's car.  The Court also did not credit Jaafar's testimony that the defendant made

furtive gestures indicative of being armed.  The Roberts Matter was dismissed on 10/3/23 as a

result of the allowance of the defendant's motion to suppress.

32.    There is no information that Jaafar was subjected to any corrective action for his

false testimony as noted above concerning the Roberts Matter.  There is no information that

Jaafar was subjected to any counseling, corrective action, or training resulting from his race

based stops.

33.    Jaafar's propensity and practice for engaging in warrantless and unlawful stops,

searches and seizures of young black males was further demonstrated in Commonwealth v.

Malik Cotton, 2231 CR 000641, also in the Taunton District Court, Jaafar conducted a

warrantless motor vehicle stop of a vehicle occupied by four young black males on March 21,

2022.  Despite acknowledging that contraband was found only within the wingspan of a rear seat

passenger, Jaafar charged all four occupants with possessory drug offenses.  By a decision dated

September 27, 2023, the court found that the stop of the vehicle was unlawful.  The case was

dismissed.  The prosecution did appeal the decision or the dismissal.

40.     The Plaintiff's rights to be free from warrantless stops, searches and seizures, due to his race, are clearly well-established rights that Jaafar, and any reasonable officer, would know and understand that such a warrantless race based stop, without probable cause, violated the Plaintiff's rights.

41.     The conduct of Jaafar was shocking to the conscience.

42.     The Plaintiff has complied with all jurisdictional requisites to file the instant claim.

## LEGAL CLAIMS

### COUNT I - NEGLIGENCE
### (PLAINTIFF V. THE COMMONWEALTH OF MASSACHUSETTS, THE MASSACHUSETTS EXECUTIVE OFFICE OF PUBLIC SAFETY AND SECURITY, JACK MAWN, JR., AND ALI JAAFAR)

43.     Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-42 above.

44.     The Commonwealth of Massachusetts, the MSP, the EOPSS, Mawn, and Jaafar, owed Plaintiff a duty of reasonable care in the exercise of their duties.

45.     Defendants breached their duty of care owed to Plaintiff in the manner in which the Plaintiff was pursued, seized, apprehended, restrained, arrested, and prosecuted.

46.     As a direct and foreseeable consequence thereof, Plaintiff has suffered loss of income and employment benefits, other financial losses, loss of his liberty, and mental and emotional distress.

WHEREFORE, Plaintiff seeks judgment against the Defendants, with compensatory and punitive damages, as well as reasonable attorneys' fees, interest and costs.

## COUNT II – NEGLIGENT TRAINING/SUPERVISION
### (PLAINTIFF V. THE COMMONWEALTH OF MASSACHUSETTS, THE MASSACHUSETTS EXECUTIVE OFFICE OF PUBLIC SAFETY AND SECURITY, JACK MAWN, JR.)

47.     Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-46 above.

48.     The Commonwealth of Massachusetts, the MSP, the EOPSS, Mawn negligently trained and or supervised Jaafar in the performance of his duties.

49.     At all times relevant, the MSP and EOPSS had information and data available to it which demonstrated the need for heightened scrutiny and oversight of Jaafar, and all other the MSP officers, in issuing motor vehicle citations and conducting warrantless motor vehicle stops. This data included data that demonstrated race-based stops of Black persons, and Hispanic persons in motor vehicles was prevalent, and were conducted with such frequency that a clear and obvious pattern of racial discrimination was evident.

50.     This included, but is not limited to, to their lack of training/supervision with respect to: the legal standard and application of the legal standard for warrantless motor vehicle stops, implicit bias training and prevention, and race-based warrantless motor vehicle stops.

51.     As it relates to Jaafar, at all times relevant, the MSP and individual defendants had information and data available to them, and known by them, which demonstrated the need for heightened scrutiny, training and oversight Jaafar needed concerning his race-based stops and unconstitutional stops.

52.     As a direct and foreseeable consequence thereof, Plaintiff has suffered loss of income and employment benefits, other financial losses, loss of his liberty, and mental and emotional distress.

WHEREFORE, Plaintiff seeks judgment against the Defendants, with compensatory and

punitive damages, as well as reasonable attorneys' fees, interest and costs.

## COUNT III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (PLAINTIFF V. THE COMMONWEALTH OF MASSACHUSETTS, THE MASSACHUSETTS EXECUTIVE OFFICE OF PUBLIC SAFETY AND SECURITY, JACK MAWN, JR)

53.     Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-52 above.

54.     The Defendants knew or should have known that their conduct was likely to result in emotional distress.

55.     The Defendants' conduct was extreme and outrageous and shocking to the conscience.

56.     The Defendants' conduct caused Plaintiff emotional distress of the nature and severity that no reasonable person could be expected to endure.

57.     As a direct and foreseeable consequence thereof, Plaintiff has suffered economic loss, physical injury, and mental and emotional distress.

WHEREFORE, Plaintiff seeks judgment against the Defendants, with compensatory and punitive damages, as well as reasonable attorneys' fees, interest and costs.

## COUNT IV -  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (PLAINTIFF V. THE COMMONWEALTH OF MASSACHUSETTS, THE MASSACHUSETTS EXECUTIVE OFFICE OF PUBLIC SAFETY AND SECURITY, JACK MAWN, JR.)

58.     Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-57 above.

59.     The Defendants knew or should have known that their conduct was likely to result in emotional distress.

60.     The Defendants' conduct was extreme and outrageous and shocking to the conscience.

61.     The Defendants' conduct caused Plaintiff emotional distress of the nature and severity that no reasonable person could be expected to endure.

62.     As a direct and foreseeable consequence thereof, Plaintiff has suffered economic loss, physical injury, and mental and emotional distress.

WHEREFORE, Plaintiff seeks judgment against the Defendants, with compensatory and punitive damages, as well as reasonable attorneys' fees, interest and costs.

## COUNT V – FEDERAL CIVIL RIGHTS VIOLATION – 42 U.S.C. SEC. 1983
### (PLAINTIFF V. THE COMMONWEALTH OF MASSACHUSETTS, THE MASSACHUSETTS EXECUTIVE OFFICE OF PUBLIC SAFETY AND SECURITY, JACK MAWN, JR. AND ALI JAAFAR)

63.     Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-62 above.

64.     Defendants were acting under the color of the law in the performance of their duties.  Defendant Jaafar was acting under color of law at all times relevant during his pursuit, search, seizure, warrantless arrest, and filing of criminal charges against the Plaintiff.

65.     The conduct of the Defendants, including Defendant Jaafar, deprived Plaintiff of well-established and well-known rights, privileges or immunities secured by the Constitution or laws of the United States or the laws or Constitution of the Commonwealth of Massachusetts.

66.     The actions of Jaafar were done in accordance with a custom or policy of the MSP and Jaafar.  The actions of all defendants were done in accordance with a custom or policy of the MSP.

67.     In pursuing the search, seizure, warrantless arrest, and initiation of criminal proceedings against the Plaintiff, Jaafar and the MSP disregarded a known or obvious consequence of their actions.

68.     Jaafar was inadequately and or negligently trained and or supervised, and the decisions of the Commonwealth, MSP, and EOPSS in that regard were deliberate and or conscious.

69.     In conducting the search, seizure, warrantless arrest, and initiation of criminal proceedings against the Plaintiff, the defendants manifested a deliberate indifference to Plaintiff's rights and engaged in conduct that shocked the conscience.

70.     The actions of the Defendants violated Plaintiff's rights under the 4th Amendment of the United States Constitution in that they constituted, among other things, an unreasonable seizure and excessive use of force.

71.     The actions of the Defendants violated Plaintiff's rights under the 8th Amendment of the United States Constitution in that they constituted, a violation of his rights, his arrest and prosecution, because of his race.

72.     The actions of the Defendants violated Plaintiff's rights to substantive due process.

73.     As a direct and foreseeable consequence thereof, Plaintiff has suffered economic loss, physical injury, and mental and emotional distress.

WHEREFORE, Plaintiff seeks judgment against the Defendants, with compensatory and punitive damages, as well as reasonable attorneys' fees, interest and costs.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

MARCUS DAVIS, Plaintiff
By his attorneys,

_____
James M. Caramanica, BBO #565882
Law Office of James M. Caramanica
120 North Main St., Suite 306
Attleboro, MA 02703
(508) 222-0096

Dated: 3/27/24